IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH VERDUCCI,

    Plaintiff,                         No. CIV S-10-1486 FCD GGH P

    vs.

MARSH, et al.,

    Defendants.              <u>ORDER</u>

        Plaintiff is a county jail detainee proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial filing fee of $11.20 will be assessed at this time. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff states that Solano County Jail refuses to provide Jewish religious services, Jewish religious reading materials, or a Kosher diet. Plaintiff states that this is violating his right to practice Judaism. However, plaintiff does not identify any specific defendants in the complaint or states how they are violating his rights. Nor does plaintiff provide details regarding how long he has been detained at the jail and to what extent his ability to practice his religion has been burdened. Plaintiff's complaint will be dismissed with leave to amend within twenty-eight days of service of this order in order to provide additional information.

The Religious Land Use and Institutionalized Persons Act of 2000 provides in part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-
>
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1.

Furthermore, while inmates retain their First Amendment right to the free exercise of religion, a regulation impinging on an inmate's constitutional rights passes muster so long as it is reasonably related to a legitimate penological interest. Henderson v. Terhune, 379 F.3d 709, 712 (9th Cir. 2004), citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987) and Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes

3

> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not

1  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2  　　　　　In addition, plaintiff is informed that the court cannot refer to a prior pleading in
3  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
4  amended complaint be complete in itself without reference to any prior pleading.  This is
5  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
6  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
7  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
8  original complaint, each claim and the involvement of each defendant must be sufficiently
9  alleged.

10  　　　　　In accordance with the above, IT IS HEREBY ORDERED that:

11  　　　　　1. Plaintiff's request for leave to proceed in forma pauperis is granted.

12  　　　　　2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
13  An initial partial filing fee of $11.20 will be assessed at this time.  All fees shall be collected and
14  paid in accordance with this court's order to the Sheriff of Solano County filed concurrently
15  herewith.

16  　　　　　3. The complaint is dismissed for the reasons discussed above, with leave to file
17  an amended complaint within twenty-eight days from the date of service of this order.  Failure to
18  file an amended complaint will result in a recommendation that the action be dismissed.

19  DATED: August 17, 2010

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Gregory G. Hollows

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　GREGORY G. HOLLOWS
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

GGH:AB
verdi1486.b