1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH VERDUCCI,

11              Plaintiff,                        No. CIV S-10-1486 FCD GGH P

12        vs.

13   MARSH, et al.,

14              Defendants.                       ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  On August

17   17, 2010, plaintiff's original complaint was dismissed and he was granted leave to file an

18   amended complaint.  Plaintiff has timely filed an amended complaint.

19          As previously stated, the court is required to screen complaints brought by

20   prisoners seeking relief against a governmental entity or officer or employee of a governmental

21   entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the

22   prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

23   which relief may be granted, or that seek monetary relief from a defendant who is immune from

24   such relief.  28 U.S.C. § 1915A(b)(1),(2).

25          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5 Cir. 1989); Franklin, 745 F.2d at 1227.

6         A complaint must contain more than a "formulaic recitation of the elements of a

7 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9 "The pleading must contain something more...than...a statement of facts that merely creates a

10 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

11 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

12 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

13 v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

14 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

15 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

16 Id.

17         In reviewing a complaint under this standard, the court must accept as true the

18 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

20 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

21 1843 (1969).

22         The complaint states a colorable claim for relief against defendants Solano County

23 Jail, Jackson and Marsh pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), solely with

24 respect to plaintiff's claims involving a kosher diet.

25         The remainder of plaintiff's amended complaint alleges that Solano County Jail is

26 violating plaintiff's First Amendment rights by failing to provide him with Jewish services or

1  Jewish reading materials.  These claims are dismissed and plaintiff will be granted leave to file a

2  second amended complaint.  Plaintiff is again informed of the following:

3            The Religious Land Use and Institutionalized Persons Act of 2000 provides in

4  part:

5                 No government shall impose a substantial burden on the religious exercise of a
               person residing in or confined to an institution . . . even if the burden results from

6                 a rule of general applicability, unless the government demonstrates that imposition
               of the burden on that person-

7
               (1) is in furtherance of a compelling government interest; and

8                 (2) is the least restrictive means of furthering that compelling government interest.

9  42 U.S.C. § 2000cc-1.

10            Furthermore, while inmates retain their First Amendment right to the free exercise

11  of religion, a regulation impinging on an inmate's constitutional rights passes muster so long as it

12  is reasonably related to a legitimate penological interest.  Henderson v. Terhune, 379 F.3d 709,

13  712 (9th Cir. 2004), citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400

14  (1987) and Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987).

15            Defendants are not responsible for duplicating every religious benefit provided to

16  other religions so that all religions are treated exactly the same.  As the Supreme Court stated in

17  Cruz v. Beto, 405 U.S. 319, 322, n.2, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972):

18                 We do not suggest . . . that every religious sect or group within a prison-however
               few in number-must have identical facilities or personnel.  A special chapel or

19                 place of worship need not be provided for every faith regardless of size; nor must
               a chaplain, priest, or minister be provided without regard to the extent of the

20                 demand.  But reasonable opportunities must be afforded to all prisoners to
               exercise the religious freedom guaranteed by the First and Fourteenth

21                 Amendments without fear of penalty.

22            Application of the standard set forth in Cruz does not require "strict numerical

23  analysis" or "create a system of ratios or quotas."  Thompson v. Commonwealth of Ky., 712 F.2d

24  1078, 1081 (6th Cir. 1983) (upholding grant of summary judgment on Muslim inmates' request

25  for access to chapel comparable to Christian inmates).

26            Under the Cruz standard, described above, defendants must provide plaintiff a

1  "reasonable opportunity" to practice his religion in a manner "comparable" to the other inmates.

2  Plaintiff has not set forth any facts that defendants are preventing plaintiff from practicing his

3  religion.  Instead, plaintiff believes that defendants have a responsibility to provide plaintiff with

4  everything plaintiff feels he needs to adequately practice his religion.  Plaintiff is mistaken.

5        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

6  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

7  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

8  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

9  there is some affirmative link or connection between a defendant's actions and the claimed

10  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

11  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

12  vague and conclusory allegations of official participation in civil rights violations are not

13  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

14        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

15  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

16  complaint be complete in itself without reference to any prior pleading.  This is because, as a

17  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

18  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

19  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

20  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

21        Accordingly, IT IS HEREBY ORDERED that:

22        1. Plaintiff's claims regarding Jewish services and Jewish reading materials are

23  dismissed for the reasons discussed above, with leave to file a second amended complaint within

24  twenty-eight days from the date of service of this Order.  Failure to file a second amended

25  complaint will result in a recommendation that these claims be dismissed from this action.

26  \\\\\

1         2.  Upon filing an amended complaint or expiration of the time allowed therefor,

2   the court will make further orders for service of process upon some or all of the defendants.

3   DATED: October 5, 2010

4

           /s/ Gregory G. Hollows

5

           GREGORY G. HOLLOWS

6              UNITED STATES MAGISTRATE JUDGE

GGH: AB

7   verd1486.B1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26